UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>ANGELA D. DOWLING,<br><br>                 Plaintiff,<br><br>-against-<br><br>LAURA M. DANKS,<br><br>                 Defendants.</td><td>26-CV-3152 (LTS)<br><br>TRANSFER ORDER</td></tr>
</table>

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in North Arlington, New Jersey, brings this action *pro se*. She sues an individual who is alleged to reside in Mount Laurel Township, New Jersey, though Plaintiff's claims are unclear. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

### DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's claims does not appear to be proper in this district, under Section 1391(b)(1), based on the residence of defendant because Plaintiff provides an address in New Jersey for the only defendant.

Venue of Plaintiff's claims also does not appear to be proper in this district, under Section 1391(b)(2), based on the place where the events giving rise to the claims occurred. Plaintiff's claims seem to arise from the handling of her legal claims involving worker's compensation benefits, and she names a defendant in New Jersey. Moreover, Plaintiff's complaint and her *in forma pauperis* application are both captioned for the "United States Court New Jersey," and it therefore appears that Plaintiff may have filed in this district in error.

A court may transfer a case, even if venue is proper in the district where the case is filed, "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.

*Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (discussing deference to plaintiff's choice of venue in context of *forum non conveniens* analysis).

Transfer of this action, under Section 1404(a), appears to be appropriate. All parties reside in New Jersey, where it appears that the claims arose. Moreover, Plaintiff has captioned her documents for the federal court in New Jersey. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:    April 17, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3